## INSURANCE UNDER A LLOYDS POLICY.

[Circuit Court of Cuyahoga County.]

PERRYSBURG & TOLEDO TRANSPORTATION CO. v. J. C. GILCHRIST.

Decided, March 20, 1902.

*Insurance—Provisions as to Suit in a Lloyds Policy—May Be Brought Against Individual Members—Service on General Manager in New York—Charge of Court.*

1. The provision of a Lloyds policy of insurance that "no action shall be brought to enforce the provisions of this policy, except against the general manager as attorney in fact and representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder," is valid and binding.
2. But notwithstanding the provision that suit must be brought against such general manager as attorney in fact, an action may be main-

506 CIRCUIT COURT REPORTS—NEW SERIES.

Perrysburg & Toledo Trans. Co. v. Gilchrist. [Vol. II, N. S.

tained against the individual members of the association where the association has ceased to do business, and has no assets, and the attorney in fact who issued the policy has resigned, and his place has not been filled, and no service could therefore be had upon such officer.

3. A charge to a jury as to the legality of service of summons under the code of New York is erroneous, where the words "dwelling house and residence" are used without distinguishing between a dwelling house or residence which the defendant owns and one in which he resides.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

Heard on error.

The parties here are as they were in the court below. The plaintiff is a corporation and was the owner of the steam propeller "Idler," which was insured against loss or damage by fire under policy No. 30003, issued at the office of the Niagara Fire & Marine Underwriters of Buffalo, New York; and this was an association, the policy being what is known as Lloyd's policy. It was issued on behalf of the defendant and fourteen other natural persons. It was written by Henry S. McFall; and by the terms of the policy, each of said fifteen underwriters insured said propeller against loss or damage by fire for the term of one year from August 20, 1895, at noon, to August 20, 1896, at noon. About January 12, 1896, said steam propeller was destroyed by fire. Plaintiff claims to have given proper notice and proofs of loss, but it is claimed that demand for payment was refused.

One of the provisions of the policy reads:

"No action shall be brought to enforce the provisions of this policy except against the general manager as attorney in fact, and representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought as fixing his individual responsibility hereunder."

At the time the policy was issued and the propeller "Idler" destroyed, Henry S. McFall was attorney in fact for each and all of the underwriters.

On the part of the plaintiff in error it is claimed that the clause quoted is void and of no binding effect as determining upon whom suit should be brought in case of loss, and as each individual underwriter is liable for one-fifteenth of the whole amount

insured against, suit may be brought and maintained against each. That question was passed upon by this court in the case between these same parties upon the same policy, *Gilchrist* v. *Transportation Co.*, 21 C. C., 19, and we there held that this clause of the policy was not void, but binding, and we adhere to that.

It is further claimed on the part of the plaintiff in error that said Henry S. McFall resigned from his position as general manager and attorney in fact of the Niagara Fire & Marine Underwriters and the several underwriters in said association, and that his resignation was accepted in March, 1896. The fire occurred in January, and suit was brought in June, 1897. Under the terms of the policy suit should be commenced in one year after the proofs of loss had been made.

It is said that, thereafter, that is, after the resignation of McFall, the association, made up of these several underwriters, had no attorney in fact or general manager, had no assets, was out of business; that this clause is not necessarily to be complied with, but the attorney in fact and general manager, having resigned and withdrawn, there being no such officer, the party whose property is burned might bring his action against each of the several underwriters for a proportionate share of the loss.

This was also passed upon by this court in the former hearing. It was said in argument that it was not necessary to pass upon it; that what was said was not necessary to the decision of the case, but we adhere to what was said in the case before, when it was here upon this proposition. The language used is:

"Where the attorney is also an underwriter, this clause of the policy is valid and not contrary to public policy; but, notwithstanding this, if it be shown that the company had ceased its business, that it had no assets of any kind, that the attorney in fact had resigned and his place had not been filled so that service could not be had upon such attorney in fact, then we think the action could be maintained against any one of the underwriters."

We still adhere to that. It would be an extraordinary thing to say that suit should be brought against the attorney in fact, there being no attorney in fact. Each of the underwriters undertook to be responsible for one-fifteenth part of the policy. The at-

torney in fact can not be found, or has ceased to be such. It would be difficult to determine what should be done if suit can not be brought against each of the several underwriters.

It is further claimed on the part of the plaintiff in error that McFall left Buffalo in 1896; that his whereabouts were unknown; that he not only left there, but ceased to reside there, had no place of residence there, and that service could not be had upon him in the county of Erie, in the state of New York, and that, therefore, the suit may be brought against the individual underwriters.

There was introduced in evidence in the case Section 425, also 426 of the code of procedure of the state of New York, as bearing upon the case as to whether summons could be served to bind McFall and those whom he represented. Without reading the provision, that where one has left the county of his residence and can not be found, that a copy of the summons may be left at the residence of the defendant with a person of proper age, if, upon proper application, an authorization can be obtained. And evidence was introduced in this case, upon the question of whether McFall still had a place of residence in Buffalo. The court charged the jury upon this as follows:

"I furthermore say to you, gentlemen of the jury, as a matter of law, if you find from the evidence thaat Henry S. McFall, at the time of the delivery of the policy to the plaintiff and at the time the loss occurred, was the general manager and attorney in fact of the defendant, and for a period of twelve months next after the fire had a residence or dwelling house in the city of Buffalo, New York, then the plaintiff was under obligation to commence its action against the said McFall as attorney in fact of the defendant and can not recover in this action, and your verdict will be for the defendant."

As applicable to the point now being discussed, the language complained of is: "If you find from the evidence that Henry S. McFall * * * for a period of twelve months next after the fire had a residence or dwelling house in the city of Buffalo"—the language of the statute being "If he has a place of residence in the county, service may be had by leaving summons at such place of residence."

It is said that this language ought not to have been used, because it authorizes service not authorized by the statute; and, on the other hand, it is said that the dwelling house and place of residence must be one and the same thing, although the language is: "If you find from the evidence that Henry S. McFall had a residence or dwelling house in the city of Buffalo."

In the record, on page 495, in the charge, the court said:

"And if you further find that the said Henry S. McFall did not have either a residence or dwelling house in Buffalo for a period of twelve months from the date of said fire, January 12, 1896, then plaintiff will be entitled to recover," etc.

We think there was error in the charge in this regard. This last clause was misleading. If we are right in holding that the language of the statute which provides for service of summons at one's place of residence, does not come within the language, "had a residence or dwelling house," we think the jury might very well come to the conclusion that inasmuch as this man owned a dwelling house or residence in Buffalo, though he did not live there, that if he owned the dwelling house in that city, though rented out, summons could be served there.

The use of the words, "or dwelling house," would imply that.

Again, in the charge, "If you find he had either a residence or dwelling house," this was calculated to mislead the jury.

But it is said it does not make any difference whether you could serve him or not, because of the provision of the policy. But we hold that that provision of the policy would not prevent one from bringing suit against the individual underwriters if service could not be made upon the attorney in fact.

The court erred, as we hold, in its charge to the jury in what has already been read, and also in giving the following:

"And I furthermore say to you, that in case you find from the evidence that Henry S. McFall, at the time of the delivery of the policy to the plaintiff, and at the time of the fire was general manager and attorney in fact of the underwriters whose names are appended to the policy; no action on the part of McFall in resigning, or attempting to resign, and no action on the part of the defendant accepting said resignation, would abrogate that clause of the policy wherein it is provided that no action shall be brought to enforce the provisions of the policy, except

against the general manager as attorney in fact, but the plaint-iff had the right, and was under obligation to bring its action against McFall according to the provisions of the contract, and the defendant be estopped to deny the right of the plaintiff to so bring its action.''

This is in direct conflict with what was said by this court before, and the case is reversed for these errors in the charge of the court.

There were some requests made involving practically the same propositions, which were refused, and, to the extent that they did involve the exact propositions, these or their equivalent should have been given. Requests numbered four and eight should have been given in the words or substance as the court was requested to give them, and it follows, therefore, that for these errors the judgment of the court below is reversed and the cause remanded to the court of common pleas for a new trial.

*R. M. Lee,* for plaintiff in error.

*Goulder, Holding & Masten,* for defendant in error.